# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MELANIE GRIFFITHS, individually and on behalf : of all others similarly situated,

    :   Case No. 1:26-CV-01092-HG

    :

             Plaintiff,    :

    :   JUDGE HECTOR GONZALEZ

       v.    :

    :

U-HAUL INTERNATIONAL, INC.,    :

    :

             Defendant.    :

    :

    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT U-HAUL INTERNATIONAL, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY

Dated: July 1, 2026

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

Laura E. Kogan (*Pro Hac Vice*)
127 Public Square, Suite 4900
Cleveland, Ohio 44114
T: (216) 363-4518
E: lkogan@beneschlaw.com

Kevin B. Frankel
100 Pine Street, Suite 3100
San Francisco, CA 94111
T: (628) 295-2029
E: kfrankel@beneschlaw.com

Michael J. Barrie
1301 Avenue of the Americas, 6th Floor
New York, New York 10019
T: (646) 593-7050
E: mbarrie@beneschlaw.com

*Attorneys for Defendant U-Haul International, Inc.*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 2

I.     PLAINTIFF BEARS THE BURDEN OF DEMONSTRATING THE
ARBITRATION AGREEMENTS ARE INAPPLICABLE OR INVALID. ..................... 2

II.    PLAINTIFF REPEATEDLY FORMED VALID CONTRACTS
CONTAINING ARBITRATION PROVISIONS. ............................................................. 2

     A.     Plaintiff manifested assent to the U-Haul Arbitration Agreement
through an enforceable clickwrap mechanism. ........................................... 4

     B.     *Nicosia* and *Starke* are distinguishable because here Plaintiff was
on at least inquiry notice of the U-Haul Arbitration Agreement. ........................... 5

     C.     The U-Haul Equipment Contract provides an independent basis to
compel arbitration. ..................................................................................... 6

CONCLUSION ............................................................................................................... 7

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Express Co. v. Italian Colors Rest.*,
　570 U.S. 228 (2013)..............................................................................................3

*AT&T Mobility LLC v. Concepcion*,
　563 U.S. 333 (2011)..............................................................................................3

*Davitashvilli v. GrubHub Inc.*,
　131 F.4th 109 (2d Cir. 2025) .............................................................................5, 7

*Edmundson v. Klarna, Inc.*,
　85 F.4th 695 (2d Cir. 2023) .............................................................................5, 6, 7

*Flores v. Lower East Side Serv. Ctr., Inc.*,
　828 N.E.2d 593 (N.Y. 2005).................................................................................7

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
　586 U.S. 63 (2019)................................................................................................3

*Meyer v. Uber Technologies, Inc.*,
　868 F.3d 66 (2d Cir. 2017)..............................................................................4, 5, 7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
　460 U.S. 1 (1983)..................................................................................................7

*Nicosia v. Amazon.com, Inc.*,
　834 F.3d 220 (2d Cir. 2016)...............................................................................4, 5

*Rent-A-Center, West, Inc. v. Jackson*,
　561 U.S. 63 (2010)................................................................................................3

*Starke v. SquareTrade, Inc.*,
　913 F.3d 279 (2d Cir. 2019)...............................................................................4, 5

*VRG Linhas Aereas S.A. v. MatlinPatterson Glob. Opportunities Partners II L.P.*,
　717 F.3d 322 (2d Cir. 2013)..................................................................................2

*Zachman v. Hudson Valley Fed. Credit Union*,
　49 F.4th 95 (2d Cir. 2022) ....................................................................................2

**Statutes**

9 U.S.C. § 3...............................................................................................................3

FAA .................................................................................................................................7

Federal Arbitration Act ...................................................................................................5

**Other Authorities**

Rule 12(b)(3) ...................................................................................................................5

**INTRODUCTION**

Plaintiff Melanie Griffiths agreed to arbitrate her claims on three separate occasions in the course of renting a U-Haul truck. She: (1) accepted the U-Haul Equipment Reservation Terms and Conditions governing her equipment reservation, which included the U-Haul Arbitration Agreement; (2) agreed to the standalone U-Haul Arbitration Agreement at online checkout; and (3) entered into the U-Haul Equipment Contract—which conspicuously incorporated the U-Haul Arbitration Agreement—when she picked up the U-Haul rental truck.[1] The August 2024 U-Haul Equipment Contract states in all caps:

> CUSTOMER ACKNOWLEDGES AND AGREES THAT THIS U-HAUL EQUIPMENT CONTRACT IS SUBJECT TO THE U-HAUL ARBITRATION AGREEMENT, HEREBY INCORPORATED BY REFERENCE AND AVAILABLE AT UHAUL.COM/LEGAL/ARBITRATION OR FROM THEIR LOCAL U-HAUL REPRESENTATIVE, THAT GOVERNS ANY DISPUTES BETWEEN THEM AND U-HAUL. THIS ARBITRATION AGREEMENT WILL: 1) ELIMINATE CUSTOMER'S RIGHT TO A JURY TRIAL; AND 2) SUBSTANTIALLY AFFECT CUSTOMER'S RIGHTS, INCLUDING PREVENTING CUSTOMER FROM BRINGING, JOINING, OR PARTICIPATING IN CLASS ACTION OR CONSOLIDATED PROCEEDINGS. CUSTOMER ACKNOWLEDGES THE APPLICABLE U-HAUL ARBITRATION AGREEMENT IS THAT WHICH IS IN EFFECT AS OF THE DATE OF THIS TRANSACTION.

Each of the three documents independently compels arbitration of Plaintiff's claims, providing the Court with three separate and sufficient bases to grant this Motion. In opposition, Plaintiff does not—and cannot—dispute that she completed the online checkout process or that

---

[1] As with U-Haul International, Inc. ("UHI") original Memorandum of Law In Support of Motion to Compel Arbitration and Stay, UHI reserves its right to challenge all allegations in Plaintiff's Second Amended Complaint, including the identity of the proper defendant.

she took possession of the U-Haul rental truck. Instead, she contends that U-Haul website's interface was insufficiently conspicuous to bind her. That argument fails on the undisputed record.

## ARGUMENT

### I.    PLAINTIFF BEARS THE BURDEN OF DEMONSTRATING THE ARBITRATION AGREEMENTS ARE INAPPLICABLE OR INVALID.

Once a party establishes the existence of an arbitration agreement, the burden shifts to the opposing party to demonstrate that the agreement is inapplicable or invalid. *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 101–02 (2d Cir. 2022). Here, UHI submitted declarations and exhibits establishing that Plaintiff completed an online checkout process requiring affirmative assent to the U-Haul Arbitration Agreement and that Plaintiff executed a U-Haul Equipment Contract conspicuously incorporating the U-Haul Arbitration Agreement. Plaintiff does not dispute these facts. Instead, she argues only that the manner in which these documents were presented was insufficient to form a binding contract. As explained below, that argument is foreclosed by binding Second Circuit precedent.[2]

### II.    PLAINTIFF REPEATEDLY FORMED VALID CONTRACTS CONTAINING ARBITRATION PROVISIONS.

Plaintiff argues (Dkt. 23 at 5) that the Court—not an arbitrator—must first decide whether any arbitration agreement was formed. UHI agrees with this premise. *See VRG Linhas Aereas S.A. v. MatlinPatterson Glob. Opportunities Partners II L.P.*, 717 F.3d 322, 326 n.2 (2d Cir. 2013). Agreeing that the Court decides formation does not mean Plaintiff wins on that question. The burden remains Plaintiff's to show that the agreement is "inapplicable or invalid." *Zachman*, 49

---

[2] Once the Court resolves the threshold question of contract formation, Plaintiff concedes that her claims fall within the scope of the arbitration agreements.

2

F.4th at 102. Once the Court finds formation—which it should—the delegation clause takes over.[3]

The U-Haul Arbitration Agreement provides that "disputes regarding the scope and enforceability of this Arbitration Agreement" shall be resolved by the arbitrator. (Dkt. 22-3 § 7(j)(iv)). That language satisfies the "clear and unmistakable" standard set forth by the Supreme Court. *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–70 (2010); *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019). Plaintiff's attacks on scope and the class waiver are thus for the arbitrator, not this Court.[4]

As demonstrated below and in UHI's opening brief, the evidentiary record establishes that Plaintiff assented to the U-Haul Arbitration Agreement repeatedly across two rentals, from reservation, to the 2023 signed U-Haul Equipment Contract, through the August 2024 checkout and U-Haul Equipment Contract. Any one of these agreements would be sufficient to compel arbitration. Taken together, the conclusion is inescapable.[5]

---

[3] Once the Court decides the formation issue, Plaintiff concedes that "if this Court finds that the arbitration agreement is enforceable . . . then her claims fall within the scope of that agreement. Plaintiffs likewise concede that if this Court compels arbitration, it must stay this case under 9 U.S.C. § 3 'on application or one of the parties.'" (Dkt. 23 at 5 n.5).

[4] Plaintiff's argument regarding the enforceability of the class-action waiver is premature. Class waivers in arbitration agreements are enforceable. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011); *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 238–39 (2013). Moreover, this issue is delegated to the arbitrator under the delegation clause. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010); *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019).

[5] In Plaintiff's Opposition, she exclusively focuses on the U-Haul Arbitration Agreement, leaving unaddressed the terms and conditions of the reservation, which also contained a binding arbitration provision. *See* (Dkt. 22-4) This undisputed agreement should be dispositive. UHI, however, will continue the full analysis for the benefit of the Court.

3

**A.** **Plaintiff manifested assent to the U-Haul Arbitration Agreement through an enforceable clickwrap mechanism.**

The checkout screen on the U-Haul website stated, in clear and unambiguous terms: "By clicking 'Complete Checkout,' I confirm I have read, understand, and agree to the U-Haul Equipment Reservation Terms and Conditions and the U-Haul Arbitration Agreement." (Dkt. 22-1 ¶ 10). This language appeared directly above the "Complete Checkout" button, and the referenced documents were accessible via conspicuous blue hyperlinks. *Id.* Plaintiff clicked that button as reflected in the callout below from Amy Henning's Declaration (Dkt. 22-1.). That act constituted binding assent.[6]

The Second Circuit's framework for evaluating online agreements, established in *Meyer v. Uber Technologies, Inc.*, 868 F.3d 66 (2d Cir. 2017), governs this analysis. Under *Meyer*, courts evaluate whether the website or app provided "reasonably conspicuous notice of the [t]erms" and whether the user "manifested assent." *Id.* at 79. U-Haul's checkout page satisfies both requirements. The assent language is displayed prominently—not buried in fine print or hidden below the fold—and Plaintiff took the unambiguous affirmative action of clicking "Complete

---

[6] Notably, in her opposition brief, Plaintiff focused exclusively on the standalone U-Haul Arbitration Agreement hyperlink, leaving entirely unaddressed the U-Haul Equipment Reservation Terms and Conditions—which independently contain an arbitration provision and to which Plaintiff also assented by clicking "Complete Checkout." (Dkt. 22-1 ¶ 10).

Checkout" to signal her agreement.[7] Binding Second Circuit precedent, thus, mandates this Court compel arbitration in this case.

**B.** ***Nicosia* and *Starke* are distinguishable because here Plaintiff was on at least inquiry notice of the U-Haul Arbitration Agreement**.

Plaintiff relies heavily on *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220 (2d Cir. 2016), and *Starke v. SquareTrade, Inc.*, 913 F.3d 279 (2d Cir. 2019), but those cases are readily distinguishable.[8] In *Nicosia*, the court found a triable issue as to notice because Amazon's terms were accessible only through a hyperlink buried in a cluttered interface, with no language indicating that completing the purchase constituted assent to arbitration. *See* 834 F.3d at 233–36. Similarly, in *Starke*, the hyperlinked terms appeared only on a post-purchase confirmation page amid densely packed text. *See* 913 F.3d at 282–89.

The U-Haul website's checkout page bears no resemblance to those interfaces. Here, the assent language appears directly above the action button, explicitly identifies the agreements by name, and uses clearly visible blue hyperlinks to the referenced documents.[9] (Dkt. 22-1 ¶ 10). This

---

[7] Plaintiff spends a hefty portion of her brief discussing ideal website design. She even provides an affidavit from a purported expert about the ideal website design. She appears to conflate any purported analysis regarding a drip pricing argument with the legal standard for contract formation—two entirely distinct legal analyses. This is abundantly clear by the lack of any case citations connecting the expert's "analysis" with any legal framework for deciding contractual formation issues. A perfect website is not a requirement for an enforceable contract. Further, Plaintiff cites no authority for the permissibility of an expert for an opposition to a motion compel, much less one who has not provided any expert report to UHI or gone through a *Daubert* process. The inclusion of this affidavit appears to contravene this Court's individual practices, as the affidavit goes beyond mere factual averments. Ind. Practices §4.B.5. Given the inapplicability of this analysis to the pertinent legal issues, UHI will not substantively address this portion of Plaintiff's brief.

[8] *Nicosia* is further distinguishable on procedural grounds. That case arose on a motion to dismiss under Rule 12(b)(3), where the court viewed the evidence in the light most favorable to the plaintiff. Here, UHI has moved to compel arbitration under the Federal Arbitration Act ("FAA"), and the question is whether the parties formed a valid agreement.

[9] Plaintiff's argument regarding the "154 hyperlinks" on the U-Haul website is a red herring. (Dkt. 23 at 2). The vast majority of those hyperlinks appear in the website's general directory at the

5

design mirrors the enforceable mechanisms upheld in *Meyer*, 868 F.3d at 78–79; *Davitashvilli v. GrubHub Inc.*, 131 F.4th 109, 117–18 (2d Cir. 2025); and *Edmundson v. Klarna, Inc.*, 85 F.4th 695, 704 (2d Cir. 2023). In each of those cases, the court enforced an arbitration agreement where the user was presented with clear notice of terms and took an affirmative action to proceed.

Plaintiff's characterization of the U-Haul website's interface as a "browsewrap" is incorrect. (*See, e.g.*, Dkt. 23 at 12). A browsewrap agreement is one where terms are posted via a hyperlink at the bottom of a webpage, with no mechanism requiring the user to manifest assent. *Meyer*, 868 F.3d at 75–76 ("Browsewrap agreements, on the other hand, do not require the user to expressly assent"). That is not what occurred here. The U-Haul website's page required Plaintiff to click "Complete Checkout" directly below language stating that doing so constituted agreement to specified terms—a "sign-in wrap" or "clickwrap" mechanism that courts in this Circuit routinely enforce. *See Edmundson*, 85 F.4th at 701–03 (describing enforceability spectrum from browsewrap to clickwrap).

### C. The U-Haul Equipment Contract provides an independent basis to compel arbitration.

Even if the Court were to find the online checkout agreement unenforceable—which it should not—Plaintiff separately agreed to arbitrate by entering into the 2024 U-Haul Equipment Contract. That contract conspicuously stated:

> CUSTOMER ACKNOWLEDGES AND AGREES THAT THIS U-HAUL EQUIPMENT CONTRACT IS SUBJECT TO THE U-HAUL ARBITRATION AGREEMENT, HEREBY INCORPORATED BY REFERENCE AND AVAILABLE AT UHAUL.COM/LEGAL/ARBITRATION OR FROM THEIR LOCAL U-HAUL REPRESENTATIVE, THAT GOVERNS ANY DISPUTES BETWEEN THEM AND U-HAUL. THIS

---

bottom of the page—a standard feature of commercial websites—and have no bearing on the conspicuousness of the arbitration assent language that appears directly above the "Complete Checkout" button. (Dkt. 23-1).

ARBITRATION AGREEMENT WILL: 1) ELIMINATE CUSTOMER'S RIGHT TO A JURY TRIAL; AND 2) SUBSTANTIALLY AFFECT CUSTOMER'S RIGHTS, INCLUDING PREVENTING CUSTOMER FROM BRINGING, JOINING, OR PARTICIPATING IN CLASS ACTION OR CONSOLIDATED PROCEEDINGS. CUSTOMER ACKNOWLEDGES THE APPLICABLE U-HAUL ARBITRATION AGREEMENT IS THAT WHICH IS IN EFFECT AS OF THE DATE OF THIS TRANSACTION.

Plaintiff manifested assent by taking possession of and using the U-Haul rental truck. Plaintiff's reliance on *Zouvelos v. Rent-A-Center, Inc.* is misplaced. In *Zouvelos*, the court found no evidence of assent where the rental agreement contained blank signature blocks and the defendant could not establish that the plaintiff had ever seen or agreed to the document. No. 16-cv-1851 (AMD) (RLM), 2017 WL 5558636, at *2–3 (E.D.N.Y. Mar. 30, 2017). Here, by contrast, Plaintiff does not deny that she received the U-Haul Equipment Contract, and the undisputed evidence establishes that she took possession of and operated the rented U-Haul truck—conduct constituting assent to the contract's terms under New York law. *See Flores v. Lower East Side Serv. Ctr., Inc.*, 828 N.E.2d 593, 596–97 (N.Y. 2005) (stating that a "contract may be valid even if it is not signed by the party to be charged, provided there is objective evidence establishing that the parties intended to be bound").

## CONCLUSION

The record before this Court supports only one conclusion: Plaintiff agreed to arbitrate. She does not dispute clicking "Complete Checkout" after being told—in clear, unambiguous terms—that doing so would bind her to the reservation terms and conditions as well as the U-Haul Arbitration Agreement. She does not dispute receiving the U-Haul Equipment Contract or taking possession of the U-Haul truck. What Plaintiff disputes is being held to her word. That is not a defense the law recognizes.

7

The FAA reflects a strong national policy favoring arbitration as an efficient, party-directed means of resolving disputes. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). That policy would be undermined if parties could routinely escape their agreements by second-guessing the conspicuousness of online terms they admittedly accepted. The U-Haul website's checkout page satisfies every requirement the Second Circuit has articulated: the assent language was prominently displayed, explicitly identified the arbitration agreement, and required an affirmative act to proceed. *See Meyer*, 868 F.3d at 78–79; *Davitashvilli*, 131 F.4th at 117–18; *Edmundson*, 85 F.4th at 704. Plaintiff's attempt to recharacterize this interface as a "browsewrap" finds no support in the record or in governing precedent.

Arbitration exists precisely for disputes like this one—where the parties have agreed to resolve their differences outside of court, and where one party now seeks to avoid the forum it chose. Enforcing these agreements is not only consistent with the FAA; it vindicates the reasonable expectations of contracting parties and preserves the integrity of the arbitration system. For these reasons, UHI respectfully requests that this Court grant its motion, compel arbitration of Plaintiff's claims on an individual basis, and stay this action pending arbitration.

Dated: July 1, 2026                    Respectfully submitted by,

                                       **BENESCH, FRIEDLANDER, COPLAN
                                       & ARONOFF LLP**

                                       */s/ Laura E. Kogan*
                                       Laura E. Kogan (*Pro Hac Vice*)
                                       127 Public Square, Suite 4900
                                       Cleveland, Ohio 44114
                                       T: (216) 363-4518
                                       E: lkogan@beneschlaw.com

                                       Kevin B. Frankel
                                       100 Pine Street, Suite 3100
                                       San Francisco, CA 94111

8

T: (628) 295-2029
E: kfrankel@beneschlaw.com

Michael J. Barrie
1301 Avenue of the Americas, 6th Floor
New York, New York 10019
T: (646) 593-7050
E: mbarrie@beneschlaw.com

*Attorneys for Defendant U-Haul*
*International, Inc.*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2026, a copy of the foregoing DEFENDANT U-HAUL INTERNATIONAL, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Laura E. Kogan*

Laura E. Kogan (*Pro Hac Vice*)
*Attorney for Defendant U-Haul International, Inc.*

10